UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL STEPHEN,

                        Plaintiff,

-against-

TERRY HALL; DAVID JAKAB D/B/A DAVID JAKAB BAIL BONDS; DANIEL HAIER; CY VANCE JR., THE CITY OF NEW YORK,

                        Defendants.

19-CV-2225 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his constitutional rights.

## DISCUSSION

**A.    Daniel Haier, Cy Vance Jr., and the City of New York**

By order dated May 31, 2019, the Court dismissed Plaintiff's claims against (1) District Attorney Cyrus Vance Jr. and Daniel Haier because as prosecutors, they are immune from civil suits for damages for acts committed within the scope of their official duties; and (2) the City of New York because Plaintiff failed to allege the existence of a municipal policy, custom, or practice that caused the violation of his rights.

For the reasons stated in the Court's May 31, 2019 order, Daniel Haier, Cy Vance Jr., and the City of New York remain dismissed. The Clerk of Court is directed to terminate these Defendants on the Court's docket.

**B. Federal Rule of Civil Procedure 21**

Plaintiff alleges that he was arrested by an Investigator who was hired by David Jakab d/b/a David Jakab Bail Bonds. The Clerk of Court is therefore directed to add "John Doe, Investigator, David Jakab Bail Bonds," as a Defendant under Fed. R. Civ. P. 21.

**C. Terry Hall and David Jakab d/b/a David Jakab Bail Bonds**

The Clerk of Court is directed to issue summonses as to Defendants Terry Hall and David Jakab d/b/a David Jakab Bail Bonds. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**D. John Doe, Investigator, David Jakab Bail Bonds**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit David Jakab d/b/a David Jakab Bail Bonds to identify the Investigator who arrested Plaintiff. It is therefore ordered that David Jakab d/b/a David Jakab Bail Bonds must ascertain the identity of the Investigator whom Plaintiff seeks to sue here and the address where the Defendant may be served. David Jakab d/b/a David Jakab Bail Bonds must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint naming the John Doe defendant. The third amended complaint will replace, not supplement, all previous complaints. A third amended complaint form that Plaintiff should

complete is attached to this order. Once Plaintiff has filed a third amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the named John Doe Defendant.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff's claims against Daniel Haier, Cy Vance Jr., and the City of New York remain dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is directed to terminate these Defendants on the Court's docket.

The Clerk of Court is directed to add "John Doe, Investigator, David Jakab Bail Bonds" as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to mail a copy of this order and the complaint to David Jakab d/b/a David Jakab Bail Bonds at: 83 Baxter Street, New York, New York 10013.

The Clerk of Court is directed to issue summonses as to Defendants Terry Hall and David Jakab d/b/a David Jakab Bail Bonds.

Plaintiff is directed to serve the summons and complaint on Terry Hall and David Jakab d/b/a David Jakab Bail Bonds within 90 days of the issuance of the summons.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 29, 2019
         New York, New York

                                                  J. PAUL OETKEN
                                             United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Terry Hall
   Bail Bond Agent, David Jakab Bail Bonds
   83 Baxter Street
   New York, New York 10013

2. David Jakab d/b/a David Jakab Bail Bonds
   83 Baxter Street
   New York, New York 10013