UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARYL STEPHEN,

                Plaintiff,

    -against-

TERRY HALL, et al.,

                Defendants.

19cv2225 (JPO) (DF)

**ORDER OF SERVICE**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

      The procedural posture of this case is rather confused, both with respect to what claims are currently extant in the case and which defendants, if any, have been properly served with process. For the reasons set forth herein, it is this Court's understanding that, although plaintiff Daryl Stephen ("Plaintiff") has named four defendants in his Third Amended Complaint (Dkt. 33 (filed Dec. 21, 2020)),[1] he currently has active claims against only two of those defendants – Terry Hall ("Hall") and David Jakab, d/b/a David Jakab Bail Bonds ("Jakab") (together, "Defendants"). It is also this Court's understanding that Plaintiff has never served the Third Amended Complaint on either of the Defendants, neither of whom has appeared to date. Although Plaintiff is proceeding *pro se* in this action, he is not proceeding *in forma pauperis*, and thus he is not entitled to the assistance of the United States Marshals Service in effecting service of process on Defendants. The purpose of this Order is to direct that amended summonses be

---

[1] Although captioned as a "Second Amended Complaint," this pleading should be deemed amended to be captioned Plaintiff's "Third Amended Complaint," as he filed three prior pleadings. (*See* Complaint, dated Mar. 1, 2019 (Dkt. 1); [First] Amended Complaint, dated May 23, 2019 (Dkt. 7); Second Amended Complaint, dated July 30, 2019 (Dkt. 12).)

issued, and to require Plaintiff to effect service of process of the Third Amended Complaint by a date certain.

## DISCUSSION

Plaintiff filed his original *pro se* Complaint in this case on March 1, 2019 (Dkt. 1), and his First Amended Complaint on May 24, 2019 (Dkt. 7).  The allegations of both were very meager, but the First Amended Complaint was construed by Judge Stanton to assert Section 1983 claims – which (as relevant here) the Court dismissed against defendants Hall and Jakab, on the grounds that they were not state actors, and against defendant the City of New York, for failure to plead *Monell* allegations.  (Dkt. 9 (Order of Dismissal, dated May 31, 2019).)[2]

On July 30, 2019, Plaintiff timely filed a Second Amended Complaint (Dkt. 12), in which he sought to replead the claims that had been dismissed, as well as certain other claims, including a Section 1985 conspiracy claim and various state claims.  With respect to his Section 1983 claims, he pleaded, *inter alia*, that, if he "had not been 'surrendered' by Jakab and Hall, it would have been the State's responsibility to take him into custody and bring him before the court" and that "[t]herefore Jakab and Hall had apparent authority to surrender Plaintiff, and were thereby acting under the color of state law in surrendering Plaintiff to the Court." (*Id*. ¶¶ 48-49.)  With respect to his Section 1985 claim, Plaintiff alleged that Jakab was liable "as a result of the actions of his agent, Hall," and further alleged that "[w]here defendants are acting in concert,

---

[2] At the beginning of the May 31, 2019 Order, Judge Stanton correctly stated that Plaintiff had paid the filing fee to commence this action.  (*See id.*, at 1; *see also* Dkt. 8 (Plaintiff withdrawing application to proceed without prepaying fees).)  The later statement in the May 2019 Order that Plaintiff's First Amended Complaint was "filed *in forma pauperis*," was in error.  (Dkt. 9, at 7.)

2

there is no Section 1985 statutory pre-requirement that the actions must be under color of state law." (*Id.* ¶¶ 60, 62.)

On October 29, 2019, Judge Oetken issued an Order of Service (Dkt. 14), stating that Plaintiff's claims against the City would remain dismissed, but directing that summonses be issued for Hall and Jakab, and that Plaintiff serve those defendants within 90 days of the issuance of the summonses. By that same Order, invoking *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), Judge Oetken directed Jakab to provide Plaintiff with information regarding the John Doe investigator who had allegedly arrested Plaintiff. The Docket does not reflect whether Jakab ever provided Plaintiff with that information.

Plaintiff purportedly served the Second Amended Complaint on "Jakab Bail Bonds" in December 2019 (*see* Dkt. 19), and he obtained a Clerk's Certificate of Default as to "David Jakab Bail Bonds" on February 11, 2020 (Dkt. 26). It is unclear whether this could be sufficient to support a default judgment against Jakab, whom, as noted above, Plaintiff named in the action as an individual, "doing business as" David Jakab Bail Bonds. In any event, by letter dated February 12, 2020, Plaintiff requested that summonses again be issued as to both Hall and Jakab. (Dkt. 27.) Judge Oetken denied that request because, prior to submitting it, Plaintiff had appealed the October 2019 Order of Service to the Second Circuit; Judge Oekten informed Plaintiff on February 18, 2020 that the Clerk of Court could not issue summonses until that appeal was resolved. (Dkt. 28.) The appeal was dismissed on May 11, 2020. (Dkt. 30.)

When there was then no activity in the case for a number of months, Judge Oetken issued an Order on October 30, 2020, noting that it appeared that Plaintiff had no viable claims against Hall and Jakab, given Judge Stanton's prior holding that they were not state actors and that, in any event, because the last incident identified in the Second Amended Complaint allegedly

3

occurred on March 10, 2016 – more than three years before that pleading was filed – his federal claims appeared to be time-barred.  Judge Oetken also noted that, as Plaintiff had still not named the investigator, and as naming a party as a "John Doe" does not toll the statute of limitations, any claims against the unidentified investigator also appeared to be time-barred.  Judge Oetken directed Plaintiff to provide the Court with an update on the status of the case by January 5, 2021 (including whether Jakab had provided the ordered information about the investigator), and to show cause why the case should not be dismissed, given the apparent absence of viable federal claims.

     Plaintiff did not provide the required status update to the Court.  Rather, on December 21, 2020, he filed his Third Amended Complaint (Dkt. 33), which, in most regards, is consistent with his Second Amended Complaint, with respect to the claims against Hall and Jakab.

     Even though Plaintiff did not provide the update requested by the Court or show cause why his claims should not be dismissed, this Court declines to recommend dismissal of the action at this time.  Rather, in light of Plaintiff's *pro se* status, his filing of the Third Amended Complaint, and this Court's overall review of the Docket (which reflects that the Court has never directly addressed Plaintiff's amended allegations against Hall and Jakab, including his claims of state action and a Section 1985 conspiracy), this Court concludes that it would be most appropriate to direct the Clerk of Court to issue amended summonses and to allow Plaintiff an opportunity to serve the Third Amended Complaint.  While some or all of Plaintiff's claims may well be time-barred or otherwise not viable, those issues can be addressed, if necessary, when these defendants appear in the case, or in the context of assessing damages, should Defendants default.

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED as follows:

1. The Clerk of Court is directed to issue amended summonses as to defendants Terry Hall and David Jakab, d/b/a David Jakab Bail Bonds.

2. Plaintiff is directed to serve the amended summons and Third Amended Complaint on Defendants within 90 days of the issuance of the amended summonses.

3. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff, at the address reflected on the Docket and shown below.

Dated:  New York, New York
         March 1, 2022

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copy to:

Mr. Daryl Stephen
1316 Sterling Place
Apt. 2L
Brooklyn NY  11213