UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARYL STEPHEN,<br><br>                    Plaintiff,<br><br>       -against-<br><br>TERRY HALL, et al.,<br><br>                    Defendants. | 19-CV-2225 (JPO) (VF)<br><br>ORDER OF SERVICE |

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff is appearing *pro se*. By order dated June 6, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Terry Hall and David Jakab, d/b/a David Jakab Bail Bonds, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue summonses for Defendants Terry Hall and David Jakab, d/b/a David Jakab Bail Bonds, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   June 6, 2021
            New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Terry Hall

    83 Baxter Street

    New York, New York 10013

2. David Jakab d/b/a David Jakab Bail Bonds

    83 Baxter Street

    New York, New York 10013