UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL STEPHEN,

                Plaintiff,

-against-

TERRY HALL and DAVID JAKAB d/b/a DAVID JAKAB BAIL BONDS,

                Defendants.

19-CV-2225 (JPO) (VF)

VALENTIN ORDER

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiff Daryl Stephen, proceeding *pro se* and *in forma pauperis*, filed his initial complaint on March 1, 2019, asserting claims under 42 U.S.C. § 1983. Plaintiff's Third Amended Complaint (ECF No. 33, filed December 21, 2020)[1] named four defendants: Terry Hall ("Hall"), David Jakab d/b/a David Jakab Bail Bonds ("Jakab"), John Doe, and The City of New York.[2] Plaintiff has not yet effected service of the Third Amended Complaint on Hall or Jakab, and neither Defendant has appeared in this action to date. See ECF No. 35. On March 1, 2022, the Honorable Debra C. Freeman issued an Order of Service directing the Clerk of Court to issue amended summonses as to Hall and Jakab and directing Plaintiff to serve amended summonses and the Third Amended Complaint on Hall and Jakab within 90 days of the Order. Id. at 5. Plaintiff failed to successfully effect service on those defendants.

      By order dated June 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP)—that is, without prepayment of fees. See ECF No. 38. That same day, by way of

---

[1] Although styled as a "Second Amended Complaint," because Plaintiff has filed three prior pleadings (see ECF Nos. 1, 7, 12), this is his Third Amended Complaint.

[2] The City of New York was previously dismissed as a defendant by the Court. See ECF No. 14 at 3. In addition, the Court had previously issued a Valentin Order with respect to the named John Doe Defendant, see id. at 2, but the John Doe Defendant remains unidentified.

another Order of Service (ECF No. 39), this Court directed the Clerk of Court to issue second amended summonses and for the U.S. Marshals Service to effect service on Hall and Jakab. The U.S. Marshals attempted to effect service on August 4, 2022, but was unable to do so at the address provided. See ECF Nos. 45-46 (Marshal's process receipts and return of service unexecuted).

On August 31, 2022, Plaintiff submitted a "Motion for service of process," declaring that David Jakab has dissolved his limited liability company, David Jakab Bail Bonds LLC, and is no longer doing business in New York. As explained below, this Court directs counsel for David Jakab's business, David Jakab Bail Bonds LLC, to ascertain and provide Plaintiff and the Court with an address or addresses where Hall and Jakab can be served.

## DISCUSSION

Under Valentin v. Dinkins, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). "The Court routinely uses Valentin Orders" in order "to help pro se prisoners identify unknown defendants *and/or addresses* where they can be served. Walker v. Williams, No. 16-CV-645-FPG, 2018 WL 5095044, at *4 (W.D.N.Y. Oct. 19, 2018) (citing Valentin, 121 F.3d at 75) (emphasis added); see Warren v. eBay, Inc., No. 22 CIV. 3524 (PGG), 2022 WL 2191752, at *1 (S.D.N.Y. June 17, 2022) (stating that under Valentin, "a pro se litigant is entitled to assistance from the district court in identifying a defendant *or a defendant's service address*") (emphasis added); Didonna v. Smith, No. 22-CV-6107 (KMK), 2022 WL 3578326, at *3 (S.D.N.Y. Aug. 19, 2022) (ordering the Sullivan County Attorney to ascertain the identity and service address for defendant, who worked at Sullivan County jail); Gutek v. Doe, No. 917-CV-0471 (BKS) (TWD), 2017 WL 3475057, at *2

(N.D.N.Y. Aug. 11, 2017) (attorney requested to identify the defendants and provide the address where the defendants could be served "as instructed by the Second Circuit in Valentin.")

Here, Plaintiff's complaint names Terry Hall and David Jakab as defendants. Consistent with the case law and as instructed by Valentin, counsel for David Jakab Bail Bonds LLC is directed, to the extent he or she is able, to ascertain the address where Terry Hall and David Jakab may be served. Counsel is directed to provide this information to Plaintiff and the Court within 60 days of the date of this order.

Once addresses for Hall and Jakab are received, the Court will issue an order directing the Clerk of Court to complete the United State Marshals Service Process Receipt and Return forms (USM-285 forms) with the addresses and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order and the Third Amended Complaint to David Jakab Bail Bonds LLC at: 5 Centre St, Hempstead, NY 11550. Counsel for David Jakab Bail Bonds LLC is directed to provide service addresses for Defendants Jakab and Hall.

**SO ORDERED.**

Dated:   October 11, 2022
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

Daryl Stephen
1316 Sterling Place
Apt. 1R
Brooklyn, NY 11213

David Jakab Bail Bonds
5 Centre St
Hempstead, NY 11550