UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL STEPHEN,
                    Plaintiff,

      -v-

TERRY HALL, *et al.*,
                    Defendants.

19-CV-2225 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On March 1, 2019, Plaintiff Daryl Stephen ("Stephen"), proceeding *pro se*, filed this action. (ECF No. 1.) Although Stephen filed a Third Amended Complaint in December 2020 (ECF No. 33), he has not served the two Defendants against whom he still has active claims, Defendants Terry Hall ("Hall") and David Jakab ("Jakab"). In August 2022, the Marshals attempted but were unable to serve Hall and Jakab at an address provided by Stephen. (ECF Nos. 45, 46.) On October 11, 2022, the Honorable Valerie Figueredo directed counsel for Jakab's business, David Jakab Bail Bonds LLC, to provide Stephen and the Court with service addresses for Hall and Jakab (ECF No. 52), but a copy of that order that was mailed to David Jakab Bail Bonds LLC was returned as unable to be forwarded. On November 3, 2022, Judge Figueredo issued an order to "assist Plaintiff with one final attempt to identify the service addresses of Defendants Jakab and Hall" and directed the Clerk of Court to mail a copy of that order, which requested service addresses for Hall and Jakab, to an alternative address for David Jakab Bail Bonds LLC. (ECF No. 53.)

On January 16, 2024, this Court ordered Stephen to, on or before February 13, 2024, show cause why this case should not be dismissed for failure to prosecute. (ECF No. 54.) The Court warned Stephen that if no written communication were received by that date, the Court

1

would dismiss the case. (*Id.* at 3.) On February 12, 2024, the Court extended the deadline for Stephen to respond to the Court's order to show cause to March 11, 2024. (ECF No. 55.)

Since then, the Court has not received any filing or communication from Stephen, nor has it received any additional information about the service addresses of Defendants Hall or Jakab. The Court has made multiple efforts to assist Stephen with ascertaining a service address for Defendants, and Stephen has not provided any additional potential addresses. As a result, this case has been pending for over five years without any of the Defendants having been served, and there are no additional addresses at which to attempt service.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Even affording Plaintiff solicitude as a *pro se* litigant, dismissal without prejudice is appropriate here. Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay." *LeSane*, 239 F.3d at 210. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209.

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is directed to mail a copy of this order to Plaintiff Stephen.

The Clerk of Court is also directed to close this case.

SO ORDERED.

Dated: March 19, 2024
      New York, New York

_____
J. PAUL OETKEN
United States District Judge